# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.  **EDCV 15-00279-VAP (KKx)**                    Date: **November 19, 2015**

Title: **Paul Stemple v. The CBE Group, Inc.**

## DOCKET ENTRY

PRESENT:

**HON. KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| Deb Taylor | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
    None present                                            None present

**PROCEEDINGS:  (IN CHAMBERS)**

    The parties' proposed Stipulation and Protective Order has been referred by the District Judge to the Magistrate Judge for consideration.  The parties are advised that the Court declines to issue the proposed protective order to which they have stipulated for the following reasons:

1.    While the Court is willing to enter a protective order in accordance with the parties' stipulation in order to facilitate the conduct of discovery, the Court is unwilling to include in the protective order any provisions relating to evidence presented at trial or other court hearings or proceedings.  **Any use of protected material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge**.  Proposed ¶ 7 needs to be revised to include language to make this explicit.

2.    Proposed ¶4 needs to be revised to make clear a that if a Party's request to file protected material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

3.    Proposed ¶¶ 5, 9, 14, and 22 need to be revised to make clear that any motion challenging a party's designation of material as Confidential or privileged or seeking to modify

MINUTES FORM 11                                         Initials of Deputy Clerk  dts
CIVIL-GEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.: EDCV 15-00279-VAP (KKx)                    November 20, 2015
       **Paul Stemple v. The CBE Group, Inc.**                         Page 2

------------------------------------------------------------------------------------------------------------------------

or amend the proposed Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

4.  The Protective Order shall unequivocally state that nothing in the protective order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.

5.  Proposed ¶ 10 needs to be revised to require that when a deponent is not represented at a deposition by an attorney, the Party's attorney requesting that the deponent sign the written Acknowledgment and Agreement must state on the record at the deposition that the attorney's request does not constitute legal advice to the deponent.

6.  Proposed ¶ 16 needs to be revised to make clear that no disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding *provided that the requirements of Fed. R. Evid. 502(b), subsections (1), (2), and (3) are met*.

7.  The term in Proposed ¶ 23 "Produced Privileged Document" appears to be intended to be a defined term. However, the parties have omitted any language defining the term.

The parties are further directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order.  The parties are strongly encouraged to use the language contained in the approved stipulated protective order.

  cc: Judge Virginia A. Phillips